FILED
IN COURT
ASHEVILLE, N.C.

SEP 2 5 2017

U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO.: 1:17cr109-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KAREN ANN TURNER ) <br> ) <br> Defendant. ) | CONSENT ORDER AND <br> JUDGMENT OF FORFEITURE <br> PENDING RULE 32.2(c)(2) |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981, 982 and/or 28 U.S.C. § 2461 provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- **Approximately $153,957.88 in funds, derived from seizure of funds from Wells Fargo Bank Account ending in 2137, such account held in the name of Rite-Way, and seizure of cashier's checks drawn on the same account;**

- **Approximately $2,662.74 in funds seized from Wells Fargo Bank Account ending in 2145, such account held in the name of Liberty Wholesale;**

- **Approximately $36,666.27 in funds seized from Pacific Western Bank Account ending in 0083, such account held in the name of Raven Paul and Company (CFA Six Kids Holding);**

- **Approximately $183,514.00 in funds seized from Pacific Western Bank Account ending in 0075, such account held in the name of Raven Paul and Company (CFA Six Kids Holding);**

- **Approximately $60,428.00 in funds seized from Pacific Western Bank Account ending in 3394, such account held in the name of Highest Star Investments, Inc.;**

- One note receivable from Tree Top Industries, Incorporated (face value $192,000) formerly held by Raven Paul and Company and now in the custody of the United States Marshals;

- The real property at 1637 US HWY 19E, Spruce Pine, North Carolina, more particularly described in a deed filed in Mitchel County on November 10, 2011 at deed book RE 518, pages 24-25; and

- Any and all interest of Defendant in J&A Pharmaceutical Services, Inc. North, Inc., Rite-Way Pharmaceuticals, LLC, Liberty Wholesale, Inc., Six Kids North Carolina Limited Partnership, Six Kids Holding Corporation, and Highest Star Investments, Inc.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from Defendant's offense(s) herein or property involved in such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981, 982 and/or 28 U.S.C. § 2461. The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

*Ben Bain-Creed for*
KELLI FERRY
Assistant United States Attorney

*[signature]*
KAREN ANN TURNER
Defendant

*JStewart*
JACK W. STEWART, JR.
Attorney for Defendant


Signed this the __12__ day of September, 2017.

*Dennis L. Howell*
UNITED STATES __Magistrate__ JUDGE